**GARDNER et, Appellants v SQUIRE et, Appellees.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 18391. Decided March 16, 1942.

Sidney N. Weitz, Cleveland, and William R. Kiefer, Cleveland, for appellant.

Thos. J. Herbert, Atty. Gen., Columbus, A. O. Husband, Special Counsel, and Daniel H. Wasserman, Cleveland, and S. G. Stillman, Asst. Special Counsel, Cleveland, for appellees.

Judges of the 9th District sitting by designation in place of Judges Lieghley, Morgan and Skeel, of the 8th District.

## OPINION

By STEVENS, J.

This is an appeal upon questions of law and fact.

The Guardian Trust Co. was appointed executor of the estate of Frank Rosenzweig, deceased. Disagreement between said decedent's heirs resulted in the preparation by them of an agreement in the nature of a trust indenture, which was designated "Contract of Settlement." By its terms, the Guardian Trust Co. was named as trustee for said heirs, to liquidate and distribute the assets of said estate. The agreement, among others, contained the following provisions:

"Upon the receipt of such assets as said Trustee, The Guardian Trust Company shall as promptly as possible distribute them as follows:

"* * *

"In so far as possible or convenient, all property and assets of every kind shall be distributed by the Trustee to the parties hereto in kind. In the event this procedure results in fractional shares of stocks or bonds or property, any differences may be adjusted or equalized by the Trustee according to its estimate of the value, which shall be conclusive upon all beneficiaries, in cash or other property. Partial distribution may be made from time to time in the discretion of the Trustee. Property not distributed in kind shall be sold and the net proceeds thereof distributed to the parties hereto as provided * * *.

"* * * Said Trustee, whether it be The Guardian Trust Company or some other person, shall not be liable to any of the parties hereto by reason of its or their trusteeship, acts as Trustee, failures or omissions as Trustee, or otherwise, except for malfeasance in office."

The Guardian Trust Co. accepted its appointment on February 10, 1930. and entered upon the performance of its duties as trustee under said indenture.

Among the assets coming into its hands for disposition were bonds of the Hotel Hollenden Co. of a face value of $13,000.

The Guardian Trust Co. acted as said trustee from February 10, 1930, to September 1, 1936, at which time it transferred all of the assets of said estate remaining in its hands to W. K. Gardner and J. M. Berne as successor trustees.

The Guardian Trust Co. as trustee neither made distribution of said Hollenden Hotel Co. bonds in kind nor did it sell the same, but continued to hold them from February 10, 1930, to May 4, 1931, at which latter date The Guardian Trust Co. as trustee of the Hotel Hollenden Co. bond issue instituted a foreclosure action upon its mortgage securing said bond issue, which resulted in the sale of the property and assets of the Hotel Hollenden Co. for a sum insufficient to pay the liens upon said property and assets, prior to said bond issue. The result was that the holders of said bonds suffered a complete loss thereon.

The petition of plaintiff in effect alleged that The Guardian Trust Co., at the time it accepted its designation as trustee of the Rosenzweig trust, was the trustee of said Hotel Hollenden bond issue; that it was the owner of the Hotel Hollenden Co.; that it had made large loans to the Hotel Hollenden Co., and had procured other large loans to be made to said hotel company by The New England Co.—a corporation wholly owned by The Guardian Trust Co.—said loans being made for the purpose of enabling the Hotel Hollenden Co. to pay its ground rent, taxes, interest and operating expenses, which loans were prior in security to the security underlying said bond issue; that various officers and employees of The Guardian Trust Co. were also directors and officers of The Hotel Hollenden Co.; that The Guardian Trust Co. knew of the precarious condition of the security underlying said bonds, and failed to disclose any of the above to the beneficiaries of said Rosenzweig trust; that the failure of The Guardian Trust Co. to distribute said securities in kind or to promptly dispose of the same constituted misfeasance and malfeasance on the part of The Guardian Trust Co.; that the defendant superintendent of banks of the state of Ohio is in charge of the liquidation of The Guardian Trust Co.; that the claim of plaintiffs was duly presented to said superintendent of banks of the state of Ohio in charge of said liquidation of The Guardian Trust Co., and was by him disallowed.

Plaintiffs ask an accounting to determine the amount of plaintiffs' loss, and that a decree be entered establishing in plaintiffs a valid general claim against the assets of said The Guardian Trust Co., and for equitable relief.

The answers of the defendants set out the exculpation clause above set forth, pleaded estoppel, and denied generally the allegations of the petition.

The evidence, which is incorporated in a written transcript, consists largely of stipulations of counsel, together with some oral testimony and exhibits. The question, the answer to which is dispositive of this case, is: What is the legal effect of the use of the words "Said Trustee * * ** shall not be liable * * * by reason of its * * * trusteeship, acts as Trustee, failures or omissions as Trustee * * *, except for malfeasance in office," used in the escape clause of said trust agreement?

It will be noted that the gravamen of plaintiffs' complaint is that the trustee, even though possessed of knowledge of the precarious nature of the bonds in question, failed to distribute them in kind or to sell them during the period when they had a market value, despite the specific direction to do so promptly, contained in the trust indenture.

The defendants counter with the assertion that the trust agreement provides the trustee shall not be liable for failures or omissions as trustee.

The plaintiffs then assert that, under the circumstances here shown, the failure of the trustee to act constituted not failure or omission to act. but malfeasance in office

It is apparent that if the loss to the trust estate resulted only from failure or omission of the trustee to act, there could be, under the provisions of the trust indenture, no recovery against the trustee.

Does such failure of the trustee to distribute or sell the bonds in question, even though possessed of the knowledge ascribed to the trustee by the petition, constitute "malfeasance in office?"

In arriving at the answer to that question it is necessary to consider the etymology of the word "malfeasance." The Oxford English Dictionary (1933) shows the word to be of Anglo-French origin, and (under "malfeasant"), to be a combination of the word "mal," meaning "ill," and the present participle of the word "faire," meaning "to do"; hence, to do ill; evil doing. In the examples of usage of the word the following appears: "1765 Blackstone Comm. I. 393 Statutes, which declare the benefice void, for some nonfeasance or neglect, or else some malfeasance or crime."

The word has been defined in almost countless judicial decisions, a few of which appear in 26 Words and Phrases, Permanent Edition, p. 139. et seq.. under the title "malfeasance." Without exception the definitions contemplate affirmative action:

"* * * the doing of an act which a person ought not to do at all." Rising v Ferris, et al., 216 Ill. App. 252, at p. 256.

See also other cases cited and definitions given in 26 Words and Phrases, supra.

The word is defined in 2 Rawle's Revision of Bouvier's Law Dictionary, p. 295, as follows: "The unjust performance of some act which the party had no right, or which he had contracted not, to do."

If "malfeasance" means the affirmative "doing of some act," then a failure to act, irrespective of the intent motivating such failure, does not constitute "malfeasance."

The beneficiaries of this trust prepared their own trust agreement. The trustee accepted its obligations according to the provisions of that trust agreement. That instrument made the trustee liable for "malfeasance" alone.

No showing of "malfeasance," within the meaning of that term as defined, has been made.

A decree dismissing plaintiffs' petition at their costs may be prepared.

DOYLE, PJ., and WASHBURN, J., concur.